MAYALL HURLEY P.C.
ROBERT J. WASSERMAN (SBN: 258538)
rwasserman@mayallaw.com
WILLIAM J. GORHAM (SBN: 151773)
wgorham@mayallaw.com
NICHOLAS J. SCARDIGLI (SBN: 249947)
nscardigli@mayallaw.com
JOHN P. BRISCOE (SBN: 273690)
jbriscoe@mayallaw.com
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone: (209) 477-3833
Facsimile: (209) 473-4818

Attorneys for Plaintiff Najla Fearington and the Putative Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAJLA FEARINGTON, an individual, | Case No.: |
| Plaintiff, | COMPLAINT |
| vs. | 1. FAILURE TO FURNISH PROPER AND COMPLETE ITEMIZED WAGE STATEMENTS (<u>CLASS ACTION ALLEGATIONS</u>) |
| M.A.C. COSMETICS INC.; | 2. LABOR CODE SECTION 2698 ET SEQ. (PRIVATE ATTORNEYS GENERAL ACT) |
| Defendant. | 3. FAILURE TO PRODUCE PERSONNEL FILE UPON REQUEST |
| | 4. FAILURE TO PRODUCE PAYROLL RECORDS UPON REQUEST |
| | 5. FAILURE TO PRODUCE SICK LEAVE RECORDS UPON REQUEST |
| | 6. FAILURE TO PRODUCE PERSONNEL RECORDS UPON REQUEST |
| | **JURY TRIAL DEMANDED** |

Plaintiff Najla Fearington brings this class and collective action against M.A.C. Cosmetics Inc. for violations of the California Labor Code.

Complaint
Page 1 of 12

## PARTIES

1. Najla Fearington ("Fearington" or "Plaintiff") is and at all times relevant herein was employed in Contra Costa County, California, and was an "employee" as defined by the California Labor Code and the applicable California Industrial Wage Commission ("IWC") Order(s).

2. M.A.C. Cosmetics Inc. is a Delaware corporation with its principal place of business in New York, New York and, at all times relevant herein, was an "employer" as defined by the California Labor Code and the applicable IWC Order(s).

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the unlawful acts alleged herein took place in Contra Costa County, California and Plaintiff's place of employment with Defendants was within this District.

## JURY TRIAL DEMAND

4. Plaintiff hereby demands a jury trial.

## GENERAL ALLEGATIONS

5. Fearington was employed by M.A.C. Cosmetics Inc. from approximately April 10, 2015 through December 30, 2016.

6. On information and belief, M.A.C. Cosmetics Inc. employs no less than 500 persons within the State of California.

7. Throughout her prior employment, Fearington was issued itemized wage statements which show the address of the employer only as "767 Fifth Avenue[,] New York, NY 10153-0003". (**Exhibit 1.**)

8. However, the foregoing is not a complete and accurate recitation of M.A.C. Cosmetics Inc.'s address. This address is also known as the General Motors Building of Manhattan, and is one of the few structures in Manhattan to occupy a full city block. It has 1,776,000 net leasable square feet and no less than ninety separate tenants. Nonetheless, the wage

1  statements issued to Fearington did not show the suite number for M.A.C. Cosmetics Inc.'s
2  address.

3      9.     M.A.C. Cosmetics Inc. was, at all times relevant herein, aware of the requirements
4  of Labor Code section 226.

5      10.

6      11.     M.A.C. Cosmetics Inc. has, at all times relevant herein, furnished wage statements
7  to each of its other California employees pursuant to an established set of policies, procedures and
8  practices.

9      12.     Fearington and M.A.C. Cosmetics Inc.'s other California employees, both current
10 and former, were unable to promptly and easily determine the address of the legal entity that is the
11 employer from the wage statements furnished by M.A.C. Cosmetics Inc.

12     13.     Fearington and M.A.C. Cosmetics Inc.'s other California employees, both current
13 and former, have suffered injury as a result of M.A.C. Cosmetics Inc.'s knowing and intentional
14 failure to furnish wage statements showing the address of the legal entity that is the employer, in
15 violation of Labor Code section 226, subdivision (a)(8).

16     14.     On August 11, 2017, Fearington, through legal counsel, requested from M.A.C.
17 Cosmetics Inc. copies of (1) her itemized wage statements, pursuant to Labor Code section 226,
18 subdivision (b); (2) records documenting her hours worked and paid sick days accrued and used,
19 pursuant to Labor Code section 247.5; (3) all instruments signed by her relating to the obtaining or
20 holding of employment, pursuant to Labor Code section 432, and (4) her personnel records,
21 pursuant to Labor Code section 1198.5.  (**Exhibit 2**.)  However, even as of the date of the filing of
22 this pleading, M.A.C. Cosmetics Inc. has not produced any of the aforementioned records.

23     15.     On October 19, 2017, Fearington provided written notice to the Labor and
24 Workforce Development Agency ("LWDA") and M.A.C. Cosmetics Inc. regarding the specific
25 provisions of the Labor Code alleged to have been violated, including the facts and theories to
26 support those alleged violations.  (**Exhibit 3**.)

27
28

16.     As of this filing, more than 65 calendar days after Fearington's written notice, the LWDA has not provided written notice that it intends to investigate her allegations. Accordingly, Fearington has satisfied the administrative prerequisites under Labor Code section 2699.3 to bring a civil action to recover penalties against Defendants, in addition to other remedies, for violations of the California Labor Code.

## CLASS ACTION ALLEGATIONS

17.     Plaintiff seeks to maintain this action as a class action as to the First Cause of Action. Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The putative class (hereinafter referred to as "the Class") which Plaintiff seeks to represent consists of the following:

> All California employees of Defendants who received one or more wage statements from M.A.C. Cosmetics Inc. from December 27, 2016 to the date of certification.

18.     Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

19.     The class of persons is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court. Plaintiff is informed and believes, and based thereon alleges, that Defendants employ more than 500 employees who satisfy the class definition. Although the exact number and identity of class members is not presently known, they can be identified in Defendants' records through coordinated discovery pursuant to this class action.

20.     This action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure because the questions of law and fact which are common to Class members clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

21. There are numerous common questions of law and fact arising out of Defendants' conduct. This class action focuses on Defendants' repeated and systemic violation of California Labor Code section 226, subdivision (a)(8).

22. Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the Class. The predominating common or class-wide questions of law and fact include the following:

    a. Whether the wage statements Defendants furnished to their California employees comply with Labor Code section 226, subdivision (a)(8);

    b. Whether the Class is entitled to injunctive relief; and

    c. Whether the Class is entitled to statutory penalties, and the amount of the same.

23. Plaintiff's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Defendants. Plaintiff's claims are typical of those of the Class because Defendants subjected Plaintiff and each member of the Class to the same violations alleged herein.

24. The defenses of Defendants, to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

25. Plaintiff will fairly and adequately protect the interests of all members of the Class and has retained attorneys with extensive experience in litigation, including class and representative actions. Plaintiff has no interests that conflict with those of the Class. Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in his best interest to prosecute the claims alleged herein in order to obtain the full compensation due to herself and the other class members.

26. A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practical, 2) litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, 3) litigating the claims of individual class members would

create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to bring individual claims, 5) class members would be discouraged from pursuing individual claims because the damages available to them are relatively small, and 6) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

27. Judicial economy will be served by maintenance of this lawsuit as a class action. To process numerous virtually identical individual cases will significantly increase the expense on the Court, the class members and Defendants, all while unnecessarily delaying the resolution of this matter. There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court, and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

28. Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

**FIRST CAUSE OF ACTION**
**Failure to Furnish Proper and Complete Itemized Wage Statements**
**(Cal. Lab. Code, § 226, subd. (a))**
**Against M.A.C. Cosmetics Inc.**

29. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

30. Pursuant to Labor Code section 226, subdivision (a) "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee [. . .], (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer [. . .], (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee and, if the employer is a temporary services employer [. . .], the rate of pay and the total hours worked for each temporary services assignment."

31. An employee suffering injury as a result of the knowing and intentional failure by an employer to comply with Labor Code section 226, subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees. (Lab. Code, § 226, subd. (e)(1).)

32. An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more of the items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone, i) the amount of gross/net wages paid to the employee during the pay period or any of the other information required to be provided pursuant to Labor Code section 226, subdivision (a), items (2) to (4), inclusive, (6) and (9), ii) deductions made by the employer, iii) the name and address of the employer and iv) the name of the employee and the last four digits of his or her social security number or employee identification number. (Lab. Code, § 226, subds. (e)(2)(A) and (B)(i)-(iv).) "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information. (Lab. Code, § 226, subd. (e)(2)(C).)

33. As set forth above, Defendants intentionally and willfully failed to furnish accurate itemized wage statements which complied with Labor Code section 226.

34. Wherefore, Plaintiff and the other members of the Class have been injured as set forth above and request relief as hereafter provided.

**SECOND CAUSE OF ACTION**
**Private Attorneys General Act**
**(Cal. Lab. Code, § 2698, *et seq.*)**
**Against M.A.C. Cosmetics Inc.**

35. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

36. Pursuant to Labor Code section 2699, subdivision (a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the LWDA for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code section 2699.3.

37. Plaintiff was employed by Defendants and the alleged violations were committed against her during her time of employment.  Plaintiff is therefore an aggrieved employee as defined by Labor Code section 2699, subdivision (c).  Other current and former employees are also aggrieved employees in that one or more of the alleged violations were also committed against them during their time of employment with Defendants.

38. Pursuant to Labor Code section 2699, subdivision (f), the civil penalty recoverable in a PAGA action is that which is provided for by the Labor Code or, where no civil penalty is specifically provided, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

39. Pursuant to California Labor Code section 2699, subdivision (g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed.  Furthermore, any

employee who prevails in any such action shall be entitled to an award of reasonable attorney's fees and costs.

40. Wherefore, Plaintiff requests relief as hereafter provided.

### THIRD CAUSE OF ACTION
### Failure to Produce Personnel File Upon Request
### (Cal. Lab. Code, § 1198.5)
### Against M.A.C. Cosmetics Inc.

41. Fearington hereby realleges and incorporates by reference each and every paragraph set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

42. Pursuant to Labor Code section 1198.5, subdivision (a), "Every current and former employee, or his or her representative, has the right to inspect and receive a copy of his personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee." Pursuant to Labor Code section 1198.5, subdivision (b), an "employer shall make the contents of those personnel records available to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request, unless the current or former employee, or his representative, and the employer agree in writing to a date beyond 30 calendar days to inspect the records and the agreed-upon date does not exceed 35 days from the employer's receipt of the written request."

43. As set forth above, M.A.C. Cosmetics Inc. violated Labor Code section 1198.5.

44. Wherefore, Plaintiff requests relief as hereafter provided.

### FOURTH CAUSE OF ACTION
### Failure to Produce Payroll Records Upon Request
### (Cal. Lab. Code, § 226, subd. (c))
### Against M.A.C. Cosmetics Inc.

45. Fearington hereby realleges and incorporates by reference each and every paragraph set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

46. Pursuant to Labor Code section 226, subdivision (c), "[a]n employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request."

47. As set forth above, M.A.C. Cosmetics Inc. violated Labor Code section 226, subdivision (c).

48. Wherefore, Plaintiff requests relief as hereafter provided.

### FIFTH CAUSE OF ACTION
**Failure to Produce Sick Leave Records Upon Request**
**(Cal. Lab. Code, § 247.5)**
**Against M.A.C. Cosmetics Inc.**

49. Fearington hereby realleges and incorporates by reference each and every paragraph set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

50. Pursuant to Labor Code section 247.5, subdivision (a), "An employer shall keep for at least three years records documenting the hours worked and paid sick days accrued and used by an employee, and shall allow the Labor Commissioner to access these records pursuant to the requirements set forth in Section 1174. An employer shall make these records available to an employee in the same manner as described in Section 226."

51. As set forth above, M.A.C. Cosmetics Inc. violated Labor Code section 247.5.

52. Wherefore, Plaintiff requests relief as hereafter provided.

### SIXTH CAUSE OF ACTION
**Failure to Produce Personnel Records Upon Request**
**(Cal. Lab. Code, § 432)**
**Against M.A.C. Cosmetics Inc.**

53. Fearington hereby realleges and incorporates by reference each and every paragraph set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

54. Pursuant to Labor Code section 432, "[i]f an employee or applicant signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument upon request."

55. As set forth above, M.A.C. Cosmetics Inc. violated Labor Code section 432.

56. Wherefore, Plaintiff requests relief as hereafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

**As to the First Cause of Action:**

1. That this Court certify the Class identified in Paragraph 16;
2. That this Court certify Plaintiff as the representative of the Class identified in Paragraph 16;
3. That this Court award injunctive relief, including that available under Labor Code section 226, subdivision (h);
4. That this Court award statutory penalties including, but not limited to, those available under Labor Code section 226;
5. That this Court award statutory attorneys' fees and costs, including those available under Labor Code section 226, subdivisions (e)(1) and (h), as well as Code of Civil Procedure section 1021.5;
6. That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and
7. That this Court award such other and further relief as the court deems just and proper.

**As to the Second Through Sixth Causes of Action:**

1. For civil penalties, including but not limited to those available under Labor Code section 2699(f);
2. For injunctive relief;

    3.    For statutory penalties, including but not limited to those available under Labor Code sections 226, subdivision (f) and 1198.5, subdivision (k);

    4.    For statutory attorneys' fees and costs, including but not limited to those available under Labor Code section 2699(g);

    5.    For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including those available under Civil Code sections 3287(a) and 3289(b); and

    6.    For such other and further relief as the court deems just and proper.

///

**DATED:** December 27, 2017        **MAYALL HURLEY P.C.**

By   */s/ John P. Briscoe*
ROBERT J. WASSERMAN
WILLIAM J. GORHAM, III
NICHOLAS J. SCARDIGLI
JOHN P. BRISCOE
Attorneys for Plaintiff and the Putative Class

Complaint
Page 12 of 12